### UNITED STATES

v.

### Andrew W. SMEAD, Staff Sergeant (E–6), U.S. Marine Corps.

### NMCCA 200201020.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 14 Dec. 2001.

Decided 31 Aug. 2004.

Capt Richard Viczorek, USMCR, Appellate Defense Counsel.

Capt Glen Hines, USMC, Appellate Government Counsel.

Before DORMAN, Chief Judge, CARVER, Senior Judge, and RITTER, Senior Judge.

CARVER, Senior Judge:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of four specifications involving the viewing, receipt, and downloading of child pornography over the Internet; and an indecent act on a child under 16 years of age, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The appellant was sentenced to a dishonorable discharge, confinement for 24 years, and reduction to pay grade E-1. Pursuant to a pretrial agreement (PTA), the convening authority (CA) approved the sentence as adjudged, but suspended all confinement over 12 years and deferred and waived the automatic forfeiture of pay and allowances. The automatic reduction went into effect 14 days after sentencing.

The appellant claims that (1) the Government did not comply with a material term of the PTA, (2) the military judge did not adequately explain and the appellant did not understand the effect of the PTA on the adjudged confinement and reduction, (3) the guilty plea to Specification 6 of Charge III was improvident, (4) the guilty pleas to Specifications 1–3 of Charge III were improvident, and (5) the record of trial is incomplete since it does not contain Prosecution Exhibits 5 and 6[1] and the trial defense counsel's post-trial clemency request.

After carefully considering the record of trial, the appellant's assignments of error, the Government's response, and the appellant's reply brief, we conclude that the first assignment of error has merit. We will take corrective action in our decretal paragraph. We also find that the CA erred in ordering the automatic reduction into effect. We find no merit to the remaining assignments of error. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

## Failure to Comply with Material Term of Pretrial Agreement

■ In his first assignment of error, the appellant contends that his pleas are improvident because he was not allowed to participate in the 2-year sex offender program while confined at Marine Corps Air Station (MCAS) Miramar. Appellant's Brief and Assignments of Error of 27 Feb 2004 at 7–8. We agree with the appellant and we will grant relief.

The following provisions of the PTA pertain:

17. I agree to enroll in and successfully complete the sexual offender treatment program available to me at the facility where I may be confined.

I understand that should I fail to successfully complete this program that I will lose the benefit of the sentencing limitation portion of this agreement.

. . . .

19. In the event that I am awarded confinement, the Convening Authority agrees to confine me at the MCAS Miramar Base Brig. I understand that the purpose for this is so I can attend the sexual offender rehabilitation class available at the Miramar brig.

. . . .

22. All the provisions of this Agreement are material.

Appellate Exhibit II at 4–5. In response to the military judge's questions during the providence inquiry, the appellant said that, as part of the PTA, he requested to be confined at the MCAS Miramar Brig. The military judge advised the appellant, and the appellant understood, that upon successful completion of the sex offender rehabilitation program at the Miramar Brig, he could be transferred to another confinement facility. The appellant also acknowledged that every term of the PTA was material. Record at 50–51.

The appellant was in pretrial confinement at the Marine Corps Base Brig at Camp

---

1. During trial, the military judge properly ordered that Prosecution Exhibits 5 and 6 to be sealed. But the exhibits were inexplicably removed from the record of trial. In response to the appellant's assignment of error, the Government obtained the two exhibits and they are now attached to the record.

Pendleton, California, when he was sentenced on 14 December 2001. In his action 3 months after trial, the CA designated the Naval Consolidated Brig at MCAS Miramar as the place of confinement.

In a post-trial affidavit, now attached to the record, the appellant asserts that he was transferred in confinement to Miramar on 23 August 2002, about 8 months after trial and 5 months after the CA's action. At the MCAS Miramar Brig, the appellant completed a 6–week education class required for all prisoners convicted of sexual offenses. He was slated to begin the 2–year sexual offender rehabilitation program in January 2003, but was instead transferred in confinement during December 2002 to the U.S. Disciplinary Barracks (DB) at Fort Leavenworth, Kansas. The Government has not disputed the relevant facts asserted by the appellant. Instead, the Government argues that the appellant received the benefit of his bargain by being transferred to the MCAS Miramar Brig after trial.

We find that the PTA required that the appellant be confined at the MCAS Miramar Brig sufficiently long enough to complete the 2–year sexual offender rehabilitation program. We further find that the Government did not comply with that term of the PTA. The Government has not explained why the appellant was transferred to the DB at Fort Leavenworth. But the appellant acknowledges that he was transferred pursuant to regulations that overrode the CA's authority to direct the place of confinement. Apparently, all parties to the trial misunderstood, or were not aware of, those regulations. "Ignorance of the law on a material matter cannot be the prevailing norm in the legal profession or in the court-martial process." *United States v. Williams*, 53 M.J. 293, 296 (C.A.A.F.2000). *See also United States v. Hardcastle*, 53 M.J. 299 (C.A.A.F.2000).

We must next determine if the provision in question was a material term of the PTA. In that regard, we find that (1) the PTA itself declares that every term is material; (2) immediately after discussing the clause in question, the military judge asked the appellant and the appellant acknowledged that he understood that every term of the PTA was

material and that if he breached any provision of the PTA, he could lose the benefit of the agreement; and (3) in his post-trial affidavit, the appellant declared that his main motivations for entering into the PTA were to ensure that his family did not suffer financially as a result of his misconduct and to receive treatment and rehabilitation to ensure that he would never again engage in that type of misconduct. Under these facts and circumstances, we have no doubt that the requirement to attend and complete the rehabilitation program was a material term of the PTA.

■ Having found that the Government failed to comply with a material term in the PTA, we must next consider the proper remedy. "In the event of a misunderstanding as to a material term in a pretrial agreement, the remedy is either specific performance of the agreement or an opportunity for the accused to withdraw from the plea." *United States v. Smith*, 56 M.J. 271, 273 (C.A.A.F. 2002). Alternatively, "the convening authority and an accused may enter into a written post-trial agreement under which the accused, with the assistance of counsel, makes a knowing, voluntary, and intelligent waiver of his right to contest the providence of his pleas in exchange for an alternative form of relief." *Id.* at 279. It must be emphasized that any alternative remedy must be agreeable to the appellant. "[I]mposing alternative relief on an unwilling appellant to rectify a mutual misunderstanding of a material term in a pretrial agreement violates the appellant's Fifth Amendment right to due process." *United States v. Perron*, 58 M.J. 78, 86 (C.A.A.F.2003). We will order relief in our decretal paragraph.

### Remaining Assignments of Error

After carefully reviewing the record of trial, the appellant's remaining assignments of error, the Government's response, and the appellant's reply brief, we find assignments of error II–IV to be without merit. However, we note that the Government conceded that the CA erred in reducing the appellant to pay grade E–1 14 days after trial. Per the pre-trial agreement, the CA agreed to defer the automatic reduction until he acted

on the case and then suspend any reduction below pay grade E–6 until the appellant's end of active service date. *See* Government's Answer of 28 May 2004 at 5. The CA must rectify this error when he takes further action on this case.

In particular, as to assignment of error II, we find that the military judge adequately explained to the appellant, and he understood, the effect of the pretrial agreement on the adjudged sentence. As to assignments of error III and IV, we find that the pleas of guilty regarding the viewing, receipt, and downloading of photos of child pornography over the Internet were provident. We find that the appellant sufficiently admitted that the photos were of actual minor children.

### Conclusion

Accordingly, the record of trial is returned to the Judge Advocate General of the Navy for remand to an appropriate CA. The CA may (1) set aside the findings and sentence and if appropriate authorize a rehearing; or (2) grant specific performance by securing the appellant's transfer to the MCAS Miramar Brig, so that the appellant can participate in the 2–year sexual offender rehabilitation course; or (3) provide alternative relief that is satisfactory with the appellant. The record shall then be returned to this court for further review. *Boudreaux v. United States Navy–Marine Corps Court of Military Review*, 28 M.J. 181 (C.M.A.1989).

We also order that Prosecution Exhibits 5 and 6 be sealed, but included in the record.

Chief Judge DORMAN and Senior Judge RITTER concur.