RYAN, J., with whom ERDMANN, J., joins
(concurring in the judgment):
I agree with the majority that the convening authority, acting on behalf of the Government, has the power to dismiss charges with prejudice. United States v. Smead, 68 M.J. at 62 (C.A.A.F.2009). In the context of the pretrial agreement (PTA) from Appellant’s *67 first court-martial, the convening authority’s promise to dismiss the charges with prejudice was a material term of a legally binding and enforceable contract between Appellant and the Government. Contrary to the Government’s argument, it was not a “legal nullity” — so long as the PTA remained in effect, the Government had no right to refile the charges “dismissed with prejudice” against Appellant. I write separately because I disagree that the United States Navy-Marine Corps Court of Criminal Appeals (CCA) erred when it held that its “ ‘earlier action of setting aside the findings and the sentence in this case had the effect of returning both the Government and the Appellant to the status quo ante.’” Id. at 63-64 (quoting United States v. Smead (Smead III), No. NMCCA 200201020, 2008 CCA LEXIS 6, at *13, 2008 WL 142112, at *4 (N.M.Ct.Crim.App. Jan. 10, 2008) (unpublished)).[1]
I.
Prior to Appellant’s first court-martial, he entered into a PTA with the Government in which the Government agreed, inter alia: (1) to confine Appellant at the Marine Corps Air Station (MCAS) Miramar brig so that Appellant could complete a two-year sexual offender rehabilitation program; and (2) to defer automatic reduction of Appellant’s pay grade. Memorandum of Pretrial Agreement at 5, 7-8, United States v. Smead (Sierra Judicial Circuit Dee. 7, 2001). Although Appellant was initially confined at the MCAS Miramar brig, he was transferred to the disciplinary barracks at Fort Leavenworth, Kansas, before he could begin the rehabilitation program, and the convening authority reduced Appellant to pay grade E-l fourteen days after his court-martial.
Having been denied these benefits of his bargain, Appellant appealed to the CCA arguing that the denial rendered his guilty pleas improvident. Brief and Assignment of Errors at 6-8, Smead I, No. NMCCA 200201020 (Feb. 27, 2004). Regarding the confinement issue, the CCA agreed that the term in the PTA requiring the Government to confine Appellant at the MCAS Miramar brig was material and that the Government had failed to comply with that term. Smead I, 60 M.J. at 757. In its opinion, the CCA noted that although Appellant was “transferred pursuant to regulations that overrode the [convening authority’s] authority to direct the place of confinement,” neither Appellant nor the Government appeared to be aware of or to understand those regulations at the time they entered into the PTA. Id. The CCA remanded the case to the convening authority for remedial action in the form of either: (1) specific performance of the Government’s obligations under the PTA; (2) alternative relief to the satisfaction of Appellant; or (3) the opportunity for Appellant to withdraw his guilty pleas. Id. at 757-58. The CCA also accepted the Government’s concession that the convening authority erred in regard to Appellant’s pay and ordered the convening authority to rectify the error. Smead I, 60 M.J. at 758.
The record contains evidence that the Government attempted to comply with the CCA’s order regarding confinement at the MCAS Miramar brig.[2] But efforts to provide specific performance with respect to that term of the PTA were rendered moot, vis-a-vis complying with the CCA’s order, by the Government’s simultaneous failure to address the pay issue. In a brief filed eight months after the CCA’s ruling in Smead I, the Government conceded that despite the CCA’s order, the convening authority had failed to rectify *68 its previous error with respect to Appellant’s pay. In light of the Government’s failures, the CCA allowed Appellant to withdraw from his pleas, set aside the findings and the sentence, and remanded to a convening authority for a rehearing. Smead II, No. NMCCA 200201020 at 1.
II.
The actions by the CCA are consistent with both the record of trial and the precedent of this Court. In contrast, while the result the majority seeks to reach is clear, neither the holding of the majority opinion nor the reasoning underlying that result is remotely apparent.
In the event of a misunderstanding as to a material term in a pretrial agreement, this Court provides three possible remedies: (1) specific performance of the agreement; (2) alternative relief to the satisfaction of the accused; or (3) an opportunity for the accused to withdraw from the plea. United States v. Smith, 56 M.J. 271, 273 (C.A.A.F. 2002). “[I]f the parties cannot agree on alternative relief, and specific performance is not available, the result is to nullify the original pretrial agreement, returning the parties to the status quo ante.” United States v. Perron, 58 M.J. 78, 87 (C.A.A.F.2003).
In Smead I, Appellant argued that his guilty pleas were improvident because the Government had denied him the benefits for which he had bargained in the PTA. Brief and Assignment of Errors at 6-8, Smead I, No. NMCCA 200201020 (Feb. 27, 2004); see United States v. Mitchell, 50 M.J. 79, 82 (C.A.A.F.1999) (“[I]f appellant did not receive the benefit of the bargained-for pretrial agreement, the pleas would be treated as improvident, the findings would be set aside, and he would be subject to retrial.”). The CCA agreed, but because there had been “ ‘a misunderstanding as to a material term in a pretrial agreement,’ ” the CCA remanded to the convening authority to provide the Government an opportunity to provide specific performance or alternative relief. Smead I, 60 M.J. at 756-57 (quoting Smith, 56 M.J. at 273).
The convening authority failed to provide either. By the time the CCA ruled again in Smead II, nine months after the CCA’s ruling in Smead I and forty-two months after Appellant’s court-martial, the Government had neither enrolled Appellant in MCAS Miramar’s sexual offender program nor corrected the deficiency in Appellant’s pay. Although the Government might have eventually corrected those errors, no evidence suggests that the Government had specifically performed its obligations under the PTA by the time the case returned to the CCA. Likewise, there is no evidence that Appellant had legally accepted alternative relief.[3] See Smith, 56 M.J. at 279 (requiring the accused to make a knowing, voluntary, intelligent, and written waiver of his rights to contest the providence of his pleas prior to accepting alternative relief when there has been a mutual misunderstanding as to a material term of a PTA).
Because the Government had neither specifically performed nor provided Appellant with alternative relief, the CCA imposed the only remaining remedy: it permitted Appellant to withdraw his guilty pleas. The CCA’s decision in Smead II set aside the findings and sentence and remanded the case for a rehearing, thereby nullifying the PTA and returning the parties to the status quo ante.[4] *69 See Perron, 58 M.J. at 86 (“[I]f the parties cannot agree on alternative relief, and specific performance is not available, the result is to nullify the original pretrial agreement, returning the parties to the status quo ante.”)- It follows, therefore, that the “dismissal of charges ‘with prejudice’ under the original pretrial agreement was rendered void ab initio by [the CCA’s] decision in Smead I, leaving the Government free to re-refer all offenses originally alleged against the appellant.” Smead III, 2008 CCA LEXIS 6, at *14, 2008 WL 142112, at *4. It is for that reason that we should affirm the decision of the lower court.
III.
I respectfully concur in the judgment.

. Like the majority, I refer to the lower court’s first opinion in this case as Smead I (United States v. Smead, 60 M.J. 755 (N.M.Ct.Crim.App. 2004)), to its second opinion as Smead II (United States v. Smead, No. NMCCA 200201020 (N.M. Ct.Crim.App. June 22, 2005) (per curiam) (unpublished)), and to its third opinion as Smead III.

. In December 2004, four months after the CCA’s ruling in Smead I, the head of the Corrections Section, Headquarters, United States Marine Corps, requested that Appellant be transferred from the disciplinary barracks at Fort Leavenworth back to the MCAS Miramar brig and that he be enrolled in the next sex offender rehabilitation program. Appellant was so transferred in February 2005, but there is no evidence in the record that he was enrolled in, or was even eligible for, the rehabilitation program.

. The majority implies, without citation to any authority, that because there is no evidence in the record that the Government engaged Appellant in alternative relief discussions and because the Government failed to demonstrate that there was "no other way of curing the breach,” the CCA did not have the authority to nullify the pretrial agreement. Smead, 68 M.J. at 64. But neither an appellate court nor the convening authority may impose alternative relief on an unwilling appellant. Perron, 58 MJ. at 86, 86 n. 8. This lack of evidence only supports the conclusion that the parties could not agree on alternative relief, which is all that Perron requires. Id. at 86.

. Despite acknowledging that in Smead I the CCA "agreed with Appellant’s contention that his plea was improvident because the Government breached a material term of the pretrial agreement,” Smead, 68 M.J. at 49, the majority declines "to read Smead II as a decision in which the findings were set aside ‘because a plea of guilty entered pursuant to the agreement is held improvident on appellate review.' ” Id. at 64-65 *69 (quoting R.C.M. 705(d)(4)(B)). The majority offers no alternative theory of law — contract or otherwise — to support its conclusion that in Smead II the CCA allowed Appellant to withdraw his pleas without simultaneously releasing the Government from its obligations under the PTA.