# UNITED STATES NAVY–MARINE CORPS
# COURT OF CRIMINAL APPEALS

—————————————

**No. 201600039**

—————————————

## UNITED STATES OF AMERICA
Appellee

v.

## CAMERON S. DEANE
Sergeant (E-5), U.S. Marine Corps
Appellant

—————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Commander Marcus N. Fulton, JAGC, USN.
For Appellant: Lieutenant Commander Paul D. Jenkins, JAGC, USN.
For Appellee: Lieutenant Commander Justin C. Henderson, JAGC, USN.

—————————————

Decided 15 December 2016

—————————————

Before PALMER, MARKS, and HUTCHISON, *Appellate Military Judges*

—————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

—————————————

PALMER, Chief Judge:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification of dereliction of duty, two specifications of signing a false official statement, and two specifications of larceny of government property of a value of more than $500.00, in violation of Articles 92, 107, and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 907, and 921 (2012). The military judge sentenced the appellant to 165 days of confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged.

The appellant raises a single assignment of error arguing the government has not complied with a material provision of his pretrial agreement because it continued to recoup the appellant's pay far beyond the agreed restitution amount stated therein. Consequently, the appellant now argues he was denied the benefit of his bargained for agreement. We agree.

## I. BACKGROUND

The appellant was married and receiving Basic Allowance for Housing and Family Separation Allowance based upon his marital status. The appellant divorced in October 2010 but failed to inform his unit until February 2014. During this period the appellant twice signed official documents falsely indicating he was still married. Thus, according to the Defense Finance and Accounting Services (DFAS), for approximately four years the appellant unlawfully received $77,082.26 in additional pay. This misconduct ultimately resulted in the appellant's court-martial.

At trial the appellant pleaded guilty to the charged offenses pursuant to a pretrial agreement. Paragraph 8(h) of the pretrial agreement states,

> [t]he Accused and [CA] agree that the amount of restitution paid by the Accused as of the date of trial . . . in the amount of $35,706.70 . . . *shall constitute payment in full of and therefore satisfy any debt or monetary obligation owed by the Accused to the United States Government* as directly pertaining to the misconduct forming the bases of the Charges and specifications to which the Accused is pleading guilty. The [CA] further agrees to submit, as necessary, any documentation and/or endorsements thereon to the appropriate authorities to ensure that the full intent and effect of this provision is upheld.[1]

While discussing this agreement's provisions at trial, and in response to the military judge's questions, the trial counsel explained, "pursuant to this [pretrial agreement] and upon completion of this special court-martial, the appropriate authorities will take that provision and . . . reestablish the debt as $35,706.70 [a]nd, therefore, mark it as paid in full . . . ."[2] Although the appellant paid the full amount of $35,706.70 prior to trial, DFAS continued to garnish the appellant's pay seeking to ultimately recoup $77,082.26.[3] To date, the CA's efforts to convince Headquarters, U.S. Marine Corps to reestablish

---

[1] Appellate Exhibit (AE) I at 4 (emphasis added).

[2] Record of Trial at 110.

[3] Appellant's Brief and Assignment of Error of 11 Apr 2016 at 2 and Defense Exhibit A at 2.

the debt to comport with the appellant's pretrial agreement have been unsuccessful.[4]

## II. DISCUSSION

The appellant argues that the government has denied him the benefit of his pretrial agreement by seeking to recoup $41,375.56 more than the agreed restitution. A pretrial agreement is a contract between the accused and the CA; thus courts "look to the basic principles of contract law when interpreting pretrial agreements." *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006) (citing *United States v. Acevedo*, 50 M.J. 169, 172 (C.A.A.F. 1999)). The interpretation of pretrial agreements is a question of law, which we review *de novo. Id.* Whether the government has complied with the material terms of the contract is a mixed question of law and fact. *Id.*

When an accused pleads guilty to an offense "in reliance on promises made by the Government in a pretrial agreement, the voluntariness of that plea depends on the fulfillment of those promises by the Government." *United States v. Perron*, 58 M.J. 78, 82 (C.A.A.F. 2003) (citing *Santobello v. New York*, 404 U.S. 257, 262 (1971)). When the government does not perform those promises, "the critical issue is whether the misunderstanding or nonperformance relates to 'the material terms of the agreement.'" *United States v. Smith*, 56 M.J. 271, 273 (C.A.A.F. 2002) (quoting RULE FOR COURTS-MARTIAL 910(h)(3), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.). The appellant bears the burden of establishing that the term is material and that the circumstances establish governmental noncompliance. *Lundy*, 63 M.J. at 302.

The appellant argues, and the government concedes, that paragraph 8(h) constitutes a material term of the pretrial agreement.[5] When determining whether a provision is material, courts "look not only to the terms of the agreement . . . but to the accused's understanding of the terms of an agreement as reflected in the record as a whole." *Lundy*, 63 M.J. at 301; *see also United States v. Smead*, 60 M.J. 755, 757 (N-M. Ct. Crim. App. 2004). Paragraph 8(h), a specially negotiated provision, states that the agreed amount shall "constitute payment in full[.]"[6] This was the understanding of both parties and was referenced as such during the trial.[7] Furthermore, the government concedes that it did not comply with Paragraph 8(h), and

---

[4] Appellee's Consent Motion to Attach of 19 Jul 2016, Appendix 2 at 1.

[5] Appellant's Brief at 6 and Government Answer of 11 Jul 2016 at 5-6.

[6] AE I at 4.

[7] Record at 110.

accordingly, the government recognizes that its "nonperformance relates to the 'material terms of the agreement.'" *Smith*, 56 M.J. at 273 (citation omitted).

Having found that the Government's nonperformance related to a material term of the PTA, we therefore also find the appellant's pleas to be improvident. Although we may "determine whether some appropriate alternative relief is available as an adequate means of providing [the] appellant with the benefit of his bargain[,]" we "cannot impose such relief in the absence of the appellant's consent." *Perron*, 58 M.J. at 83-84 (citations and internal quotation marks omitted). Here, we lack authority to order the alternate relief that the appellant requests—to compel the CA to mark the debt as "paid-in-full" retroactive to the date of trial.[8] Instead, we grant his remaining request by setting aside his conviction.

### III. CONCLUSION

The guilty findings and sentence are set aside. The record is returned to the Judge Advocate General for remand to an appropriate convening authority with a rehearing authorized.

Senior Judge MARKS and Judge HUTCHISON concur.

For the Court



R.H. TROIDL
Clerk of Court

---

[8] Appellant's Brief at 7.